IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTHH CAROLINA

| | | |
|---|---|---|
| RICKEY GRAY SHORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:15CV653 |
| | ) | |
| FRANK L. PERRY, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

The Recommendation of the United States Magistrate Judge was filed with the Court in accordance with 28 U.S.C. § 636(b) and, on June 22, 2016, was served on the parties in this action. Plaintiff filed an objection (the "Objection") to the Recommendation (ECF No. 13).[1]

[1] Section 636(b) provides that a federal district judge "shall make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). Here, although the Objection specifically asserts that "[t]his is [Petitioner's] [w]ritten [o]bjection," it objects to no specific "findings or recommendations" in the Magistrate Judge's Recommendation. (See ECF No. 13 at 1-2.) Under these circumstances, the Court need not conduct a *de novo* review of the Recommendation. Littlejohn v. Qaddifi, Civ. Action No. 7:10-1122-RBH, 2010 WL 2026673, at *1 (D.S.C. May 20, 2010) (unpublished) (concluding that "[t]he district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the [m]agistrate [j]udge's proposed findings and recommendations" (citing Orpiano v. Johnson, 687 F.2d 44, 47–48 (4th Cir. 1982))). Nevertheless, the Court has conducted such a *de novo* review and adopts the Magistrate Judge's Recommendation. Further, the Objection requests that the Court "[e]xplain to [Petitioner] [his] options for the court system," and asks whether Petitioner "[n]eed[s] to [t]ranscribe the [re]cord." (ECF No. 13 at 1.) The Court notes that it cannot give Petitioner legal advice, see July v. Board of Water and Sewer Com'rs of City of Mobile, Civ. Action No. 11-635-WS-N, 2013 WL 66646, at * 1 (S.D. Ala. Jan. 4, 2013) (unpublished) ("[N]otwithstanding [the] plaintiff's potential *pro se* status . . ., th[e] [c]ourt cannot give him legal advice or act as his *de facto* legal counsel in helping him to perfect any appeal he may wish to pursue."); Seitzinger v. Reading Hosp. & Med. Ctr., Civ. Action No. 95-5926, 1996 WL 689099, at *2 (E.D. Pa. Nov. 21, 1996) (unpublished) ("Neither the [c]ourt nor its staff are permitted to give legal advice to litigants or counsel."), but will direct Petitioner to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, which authorizes a petitioner to request a certificate of appealability from the United States Court of Appeals for the Fourth Circuit. The Court further notes that the record appears to contain no content requiring transcription.

The Court has made a *de novo* determination in accord with the Magistrate Judge's Recommendation, and adopts the Magistrate Judge's Recommendation.

IT IS THEREFORE ORDERED that Respondent's Motion to Dismiss (ECF No. 6) is GRANTED, and that the Petition (ECF No. 1) is DISMISSED without issuance of a certificate of appealability. A Judgment dismissing this action will be entered contemporaneously with this Order.

This, the 2nd day of August, 2016.

        /s/ Loretta C. Biggs
United States District Judge